IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| COURTNEY DEMETRIUS THOMAS | * | |
| Plaintiff, | * | |
| v. | * | 3:08-CV-321-MHT |
| | | (WO) |
| MAJOR TORBERT, *et al.*, | * | |
| Defendants. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Lee County Detention Center located in Opelika, Alabama,  files this 42 U.S.C. § 1983 complaining that his Eighth Amendment rights are being violated by a lack of adequate medical care and unconstitutional conditions of confinement.  Named as defendants are the Kilby Correctional Facility, Major Torbert, and Sheriff Jay Jones.  Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Kilby Correctional Facility  prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## DISCUSSION

The Kilby Correctional Facility  is not subject to suit or liability under § 1983. The

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Eleventh Amendment bars suit directly against a state or its agencies regardless of the nature of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the Kilby Correctional Facility are due to be dismissed. *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Kilby Correctional Facility be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  The Kilby Correctional Facility be DISMISSED as a party to this complaint; and

3.  This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 24, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

 Done, this 11th day of June 2008.


     /s/Terry F. Moorer
     TERRY F. MOORER
     UNITED STATES MAGISTRATE JUDGE